UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

**C. E.**, as Parent and Natural Guardian of X.G., a minor,
and **C.E.**, Individually;  **J.T.** and **A.L.**, as Parents and Natural
Guardians of A.L., a minor, and **J.T.** and **A.L.**, Individually;
**A.F.** and **A.V.**, as Parents and Natural Guardians of L. V.-F.,
a minor, and **A.F.** and **A.V.**, Individually;  **C.C.**, as Parent and
Natural Guardian of S.E., a minor, and **C.C.**, Individually;  and,
**M.F.**, as Parent and Natural Guardian of K.C., a minor, and
**M.F.**, Individually,                                                      Case No. 20 – cv -

                                   Plaintiffs,                    **COMPLAINT**

                    -against-


**NEW YORK CITY DEPARTMENT OF EDUCATION**,

                                   Defendant.
--------------------------------------------------------------------------------X

      Plaintiffs, C. E. as Parent and Natural Guardian of X.G., a minor, and C.E. Individually,

J.T. and A.L. as Parents and Natural Guardians of A.L., a minor, and J.T. and A.L. Individually,

A.F. and A.V. as Parents and Natural Guardians of L. V.-F., a minor, and A.F. and A.V.

Individually, C.C. as Parent and Natural Guardian of S.E., a minor, and C.C. Individually, and,

M.F. as Parent and Natural Guardian of K.C., a minor, and M.F. Individually, by and through their

attorneys, The Patrick Donohue Law Firm, PLLC, as and for their Complaint against defendant,

NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE"), allege and state the following:


1.  Plaintiffs' children are minors who have each been classified as students with a

    disability, and at all relevant times, Plaintiffs and their children X.G., A.L., L.V.-F.,

    S.E., and K.C., are each entitled to all rights, entitlements, and procedural safeguards

    mandated by applicable law and statutes including, but not limited to, the Individuals

with Disabilities Education Act 20 U.S.C. § 1400, et seq. ("IDEA"); the federal regulations governing the IDEA; Article 89 of the New York State Education Law; and, Part 200 of the New York State Education Commissioner's Regulations.

2.   At all relevant times, all plaintiffs and their children, have resided and continue to reside within the City of New York.

3.   Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEA, as well as in the Family Education Rights and Privacy Act, 20 U.S.C. §1232(g) and 34 C.F.R. Part 99 ("FERPA").

4.   Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York and is the "local educational agency" charged with the obligation to provide the plaintiffs' children herein with a free appropriate public education ("FAPE") pursuant to the IDEA and New York State Education Law.

## NATURE OF THE ACTION

5.   This action is filed pursuant to the IDEA, 20 U.S.C. §1415, and follows from an administrative hearing and determination on behalf of each plaintiff that resulted in an Impartial Hearing Officer's ("IHO") decision, on the merits, in plaintiffs' favor.

6.  This action is filed to secure statutory attorneys' fees and costs for which plaintiffs are entitled in this fee application action, and in the underlying administrative proceedings, as each plaintiff is a "prevailing party" pursuant to the express fee-shifting provisions of the IDEA, 20 U.S.C. § 1415 (i)(3).

## JURISIDICTION AND VENUE

7.  This Court, pursuant to 20 U.S.C. §§1415(i)(2) and (3), 34 C.F.R. §§300.516 and 300.517, and, 28 U.S.C. §§1331 and 1367, has jurisdiction over this action without regard to the amount in controversy.

8. Venue is proper in that plaintiffs and defendant reside in or are situated within this judicial district.

## FACTUAL BACKGROUND

9.  Pursuant to the IDEA, as well as the New York Education Law, all local educational agencies within the State are required to offer eligible students with disabilities a special education program and related services that are tailored to meet the individual needs of each child with a disability.

### C.E.  individually and on behalf of their child X.G.

10.  On or about September 29, 2016, plaintiff C.E. initiated an administrative due process proceeding against defendant in order to obtain tuition payment and other relief based upon defendant's failure to provide X.G. with a FAPE for the 2016-2017 school year. Plaintiff sought tuition and costs of related services payments, in connection with X.G.'s placement at the

International Academy of Hope ("iHOPE"), a private educational program, as well as transportation costs.

11.  Following a two-day, administrative trial, in an 8-page written "Findings of Fact and Decision" dated January 12, 2017, Impartial Hearing Officer Israel Wahrman, Esq. issued an Order in Case No. 163577, based, in part, upon an analysis of the three-prong "Burlington-Carter" test which found:

    a)  Defendant DOE conceded that it failed to recommend or provide X.G. with a FAPE;

    b)  Plaintiffs demonstrated that iHOPE was an appropriate school placement for X.G. for the 2016-2017 school year; and

    c)  The balance of "equities" favored the plaintiffs.

12.  The Impartial Hearing Officer's January 12, 2017 Decision directs defendant to directly fund and reimburse the plaintiff tuition paid to iHOPE and the transportation costs and payment for related services costs for the 2016-2017 school year.

13.  As a result of the favorable, un-appealed administrative decision, plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. §1415 (i)(e).

14.  Under the IDEA fee-shifting provisions, plaintiff should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $11,295.00.

15.  Plaintiff is also entitled to an award of attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

### J.T. and A. L. individually and on behalf of their child A.L.

16.  On or about November 14, 2016, plaintiffs J.T. and A.L. initiated an administrative due process proceeding against defendant in order to obtain tuition payment and other relief based upon defendant's failure to provide A.L. with a FAPE for the 2016-2017 school year. Plaintiff sought tuition and costs of related services payments, in connection with A.L.'s placement at the International Academy of Hope ("iHOPE"), a private educational program, as well as transportation costs.

17.  Following a one-day, administrative trial, in an 18-page written "Findings of Fact and Decision" dated January 19, 2017, Impartial Hearing Officer Jeffrey Schiro, Esq. issued an Order in Case No. 164461, based, in part, upon an analysis of the three-prong "Burlington-Carter" test which found:

   a)   Defendant DOE conceded that it failed to recommend or provide A. L. with a FAPE;

   b)  Plaintiffs demonstrated that iHOPE was an appropriate school placement for A.L. for the 2016-2017 school year; and

   c)  The balance of "equities" favored the plaintiffs.

18.   The Impartial Hearing Officer's January 19, 2017 Decision directs defendant to directly fund and reimburse the plaintiffs tuition paid to iHOPE and the transportation costs and the payment for related services costs for the 2016-2017 school year.

19.   As a result of the favorable, un-appealed administrative decision, plaintiffs qualify as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. §1415 (i)(e).

20.   Under the IDEA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $10,800.00.

21.   Plaintiffs are also entitled to an award of attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

**A.F. and A.V. individually and on behalf of their child L. V.-F.**

22.   On or about October 04, 2016, plaintiffs A.F. and A.V. initiated an administrative due process proceeding against defendant in order to obtain tuition payment and other relief based upon defendant's failure to provide L.V.-F. with a FAPE for the 2016-2017 school year. Plaintiffs sought tuition and costs of related services payments, in connection with L.V.-F.'s placement at the International Academy of Hope ("iHOPE"), a private educational program, as well as transportation costs.

23.  Following a two-day, administrative trial, in an 11-page written "Findings of Fact and Decision" dated January 12, 2017, Impartial Hearing Officer Edgar DeLeon, Esq. issued an Order in Case No. 163622, based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

   a)  Defendant DOE conceded that it failed to recommend or provide L. V.-F. with a FAPE;

   b)  Plaintiffs demonstrated that iHOPE was an appropriate school placement for L.V.-F. for the 2016-2017 school year; and

   c)  The balance "equities" favored the plaintiffs.

24.  The Impartial Hearing Officer's January 12, 2017 Decision directs defendant to directly fund and reimburse the plaintiffs tuition paid to iHOPE and the transportation costs and the payment for related services costs for the 2016-2017 school year.

25.  As a result of the favorable, un-appealed administrative decision, plaintiffs qualify as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. §1415 (i)(e).

26.  Under the IDEA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $9,450.00

27.  Plaintiffs are also entitled to an award of attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

## C.C. individually and on behalf of their child S.E.

28.  On or about February 3, 2017, plaintiff C.C. initiated an administrative due process proceeding against defendant in order to obtain tuition payment and other relief based upon defendant's failure to provide S.E. with a FAPE for the 2016-2017 school year. Plaintiff sought tuition and costs of related services payments, in connection with S.E.'s placement at the International Academy of Hope ("iHOPE"), a private educational program, as well as transportation costs.

29.  Following a one-day, administrative trial, in a 9-page written "Findings of Fact and Decision" dated May 22, 2017, Impartial Hearing Officer Edgar DeLeon, Esq. issued an Order in Case No. 165392, based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

   a) Defendant DOE conceded that it failed to recommend or provide S.E. with a FAPE;

   b) Plaintiff demonstrated that iHOPE was an appropriate school placement for S.E. for the 2016-2017 school year; and

   c) The balance of "equities" favored the plaintiffs.

30. The Impartial Hearing Officer's May 22, 2017 Decision directs defendant to directly fund and reimburse the plaintiff tuition paid to iHOPE and the transportation costs and the payment for related services costs for the 2016-2017 school year.

31. As a result of the favorable, un-appealed administrative decision, plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415 (i)(e).

32. Under the IDEA fee-shifting provisions, plaintiff should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $12,375.00.

33. Plaintiff is entitled to an award of attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

**M.F. individually and on behalf of their child K.C.**

34. On or about October 27, 2016, plaintiff, M.F. initiated an administrative due process proceeding against defendant in order to obtain tuition payment and other relief based upon defendant's failure to provide K.C. with a FAPE for the 2016-2017 school year. Plaintiff sought tuition and costs of related services payments, in connection with K.C.'s placement at the International Academy of Hope ("iHOPE"), a private educational program, as well as transportation costs.

35.  Following a one-day, administrative trial, in a 20-page written "Findings of Fact and Decision" dated February 9, 2017, Impartial Hearing Officer Jeffrey Schiro, Esq. issued an Order in Case No. 164096, based, in part upon an analysis of the three-prong "Burlington-Carter" test which found:

    a) Defendant DOE was found to have failed to recommend or provide K.C. with a FAPE for the 2016-2017 school year;

    b) Plaintiff demonstrated that iHOPE was an appropriate school placement for K.C. for the 2016-2017 school year; and

    c) The balance of "equities" favored the plaintiffs.

36.  The Impartial Hearing Officer's February 9, 2017 Decision directs defendant to directly fund and reimburse the plaintiff tuition paid to iHOPE and the transportation costs and payment for related services costs for the 2016-2017 school year.

37.  As a result of the favorable, un-appealed administrative decision, plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. §1415 (i)(e).

38.  Under the IDEA fee-shifting provisions, plaintiff should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level in the amount of $14,940.00.

39.  Plaintiff is also entitled to an award of attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately $2,500.00.

## **PROCEDURAL REQUIREMENTS**

40.   Plaintiffs repeat, reiterate and reaffirm each and every allegation set forth above as if fully set forth herein.

41.  Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

42.   This action on behalf of plaintiffs is timely brought based on the applicable three-year statute of limitations.

43.  As a result of the favorable, un-appealed administrative decisions, plaintiffs qualify as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. §1415 (i)(e).

44.  Under the IDEA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

**RELIEF REQUESTED**

**WHEREFORE,** by reason of the foregoing, this Court should:

    (a)  Declare the Plaintiffs to be the prevailing party in their respective administrative actions;

    (b)  Fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the administrative proceeding as follows for:

C.E. individually and on behalf of their child X.G., a minor: $11,295.00;

J.T. and A.L. individually and on behalf of their child A.L., a minor: $10,800.00;

A.F. and A.V. individually and on behalf of their child L.V.-F., a minor: $9,450.00;

C.C. individually and on behalf of their child S.E., a minor: $12,375.00; and

M.F. individually and on behalf of their child K.C., a minor: $14,940.00;

    (c)  Award Plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court, and presently in the amount of approximately for each plaintiff:

C.E. individually and on behalf of their child X.G., a minor: $2,500;

J.T. and A.L. individually and on behalf of their child A.L., a minor: $2,500;

A.F. and A.V. individually and on behalf of their child L.V.-F., a minor $2,500;

C.C. individually and on behalf of their child S.E., a minor: $2,500; and

M.F. individually and on behalf of their child K.C., a minor: $2,500;

(d) Award Plaintiffs such other and further relief as this Court deems just and

proper.

Dated: New York, New York
        January 9, 2020

Respectfully Submitted,

    /S: Peter G. Albert /
Peter Albert, Esq., Of Counsel
The Patrick Donohue Law Firm, PLLC
55 West 116th Street, Suite #159
New York, New York 10026
Tel: 917-359-4456
Email: Patrick@pabilaw.com